## RHODES *v.* CRAIG *et al.*

An order made in an action pending in the District Court staying all proceedings therein until the further direction of the Court, is not an appealable order. The remedy of a party prejudiced thereby is by application for a *mandamus* to compel the Court to proceed.

Where the plaintiff in ejectment claims title under a State patent issued upon a school warrant location, the validity of the location cannot be interposed as a defense to the action, nor the efficacy of the patent be contested, by one in possession, who admits that the premises are a part of the public lands of the United States, and traces no title from the United States to himself.

Appeal from the Fifteenth Judicial District.

The plaintiff commenced an action of ejectment against the defendants, deraigning title from J. G. Doll, to two "town lots" lying in the town of Red Bluff. The complaint contained three counts; the *first* alleging seizin in Doll on the twenty-ninth of October, 1862, and that afterwards, on same day, he conveyed to plaintiff, etc.; the *second* alleging a seizin in plaintiff on that day, etc.; and the *third*, an unlawful entry into the possession of plaintiff by defendant. The answer denied, upon information and belief, the seizin of Doll and plaintiff, and set up adverse, actual possession in defendant, A. Craig, and went on to state, that in 1855, the land was public, vacant, and unsurveyed land of the United States, and defendant entered and made improvements; that in 1853 the town of Red Bluff was laid out into blocks and streets; that under the Act of Congress of May 23d, 1844, the site of the town was reserved from sale, entry, and preëmption, and has been used and claimed as a town site ever since; that the town was never incorporated; that previous to 1862, its inhab-

itants frequently requested the County Judge to make the requisite entry in the Land Office to secure the town site for the use of the inhabitants, and furnished him with money for that purpose, but that he refused to make the entry; that in 1862, the Board of Supervisors of Tehama County, on petition, appropriated three hundred and seventy-two dollars to purchase said land, and authorized the County Judge to make the proper entry, and that he tendered the money for this purpose in the Land Office; that Doll has resided in Red Bluff all the time since 1855, and knew these facts, etc.; that Doll, on the twenty-ninth of October, 1862, claimed the land embraced within the limits of the town, by virtue of a California School Land Warrant location, in his name, upon the same, embracing the premises in controversy; that said location was fraudulently made, and that the proceedings of Doll, upon which it was obtained, have been set aside by an order of the General Land Office of the United States, and a rehearing of the contest between Doll and the inhabitants of Red Bluff granted; that evidence was taken before the Agent of the Land Office at Marysville, and forwarded to Washington City to the General Land Office for final decision, and that this proceeding is still pending and undetermined.

After filing the answer, and on five days' notice, the defendant, A. Craig, moved on the twelfth of February, 1863, "that the further prosecution of this action, and all proceedings in the same, be stayed, and that said plaintiff be enjoined and restrained by an order of this Court from further prosecuting said action until the final decision of the contest, now pending before the General Land Office at Washington, for the land embraced in the town site of Red Bluff, between J. G. Doll and the inhabitants of the said town of Red Bluff, is had and obtained." The notice stated that the motion was based on the answer and other papers in the case. To meet this motion, the plaintiff filed an affidavit stating that it was not true that Doll claimed the land by virtue of a School Land Warrant, but, on the contrary, that he claimed by virtue of a patent issued by the Governor of the State of California to him for the land, on the twenty-fourth of August, 1859, which patent was duly recorded in Tehama County, September 1st, 1859; and

that defendant and his attorney knew that fact at the time of filing the answer.

The Court thereupon made the following order:

" *W. H. Rhodes* v. *Craig et al.* Now comes W. H. Rhodes and files his affidavit resisting motion of defendants for a restraining order. It is ordered by the Court, after consideration thereof, that all proceedings in this action be and the same are hereby restrained and enjoined until the further order of this Court."

From this order the present appeal is taken by plaintiff.

*W. H. Rhodes*, Appellant in *pro. per.*

The District Court erred in making the order restraining plaintiff from prosecuting his action until further order of said Court.

I. The order itself is void. The statute allowing injunctions has been violated: 1st. Because an injunction can only issue upon affidavit, and the filing of an undertaking, with sufficient sureties to the effect that the plaintiff will pay to the party enjoined the damage occasioned by the improper issue of the injunction. (Practice Act, secs. 113, 115; *Elliot* v. *Osborne*, 1 Cal. 396; 1 Barb. Ch. 167.) The plaintiff alleged, and defendant did not deny, that defendant was in possession, and that the premises were worth twenty dollars per month. And 2d. There is no time fixed for the operation of the injunction. It is to continue forever, provided the Judge does not change his mind; it is ordered to stand "until his further order." Suppose he dies or never relents, must the plaintiff suffer for the misfortune, or the obstinacy, or the corruption of the Judge?

II. There was no sufficient showing made for an interminable injunction, or for any injunction at all. The pleadings and affidavit show that Doll had his patent to the land duly recorded before he sold to plaintiff, issued in due form of law by the Governor of California. This is not denied by any counter affidavit, and could not be.

The question, therefore, is narrowed down to the inquiry: Can the pendency of an immaterial issue, before a mere Land Office Clerk, be alleged as sufficient grounds upon which to base an injunction?

1st. An injunction will not issue unless the case be pending in some Court having jurisdiction of the subject matter.   In England it must be in the Courts of Law, in the Spiritual Courts, the Courts of Admiralty, or in some other Courts of Equity.   (Waterman's Eden. on Inj. 10 ; 15 How. Prac. 236; 6 Duer, 697.)

2d. Nor where the subject matter is not the same, and the parties the same, nor where the right is doubtful unless first established at law.   (*Phillip's Admin.* v. *Thompson*, 3 Stew. & Por. 369; *Attorney-General* v. *Hunter*, 1 Dev. Eq. 12.)

3d. An injunction to protect property during litigation will not be allowed where the complaint shows that the party seeking the injunction has no title to nor interest in the property, and no claim to the ultimate relief sought by the litigation.   (*State of California* v. *McGlynn*, 20 Cal. 275; *Treadwell* v. *Payne*, 15 Id. 496.) Nor will an injunction lie where a party has a good defense at law, and can make it.   (*Lewis* v. *Tobias*, 10 Cal. 577 ; *Smith* v. *Sparrow*, 13 Id. 596.)

III.   But the Supreme Court has already passed upon this cause in its every aspect, by the decision of the case of *Doll* v. *Meador* (16 Cal. 295).   The patent is conclusive until steps have been taken to revoke it by *scire facias*.   (*Doll* v. *Meador*, 16 Cal. 324; *Moore* v. *Wilkinson*, 13 Id. 478.)

*J. Chadbourne*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

It is difficult to perceive upon what ground the order staying proceedings in this action can rest, except the bare possibility that the officers of the General Land Office at Washington may come to a different conclusion from that of the authorities of the State as to the validity of the location of the school warrant upon which the patent to Doll was issued.   But even if such a conclusion should be reached, no defense based thereon could be interposed to the present action.   Until an entry on behalf of the inhabitants of the town of Red Bluff is made, or a patent of the General Government is issued for the benefit of such inhabitants, the defendants will not be

in a position even to contest the efficacy of the patent to Doll.   As we said in *Doll* v. *Meador*, (16 Cal. 331) "until some one appears prepared to trace title to himself from a common or paramount source, parties who are clothed with the solemn evidence of title furnished by the patent of the State may rest in security, without fear of any successful disturbance in the enjoyment of the property held by them, whether that property be a portion of the school lands or swamp lands granted to the State by the General Government."

As appears from the report of the case from which this citation is made, the time within which, under the Act of Congress of May 23d, 1844, an entry could be made for the benefit of the inhabitants of the town of Red Bluff, had expired years before the patent to Doll was issued.

The difficulty, however, with the present case is that no appeal lies from the order of the Court.   It is not an injunction against parties in another action; it is a simple order staying proceedings in the same action.   The remedy of the plaintiff is not by appeal, but by application for a *mandamus* to compel the Court to proceed.

Appeal dismissed.