[No. 3,094.]

## THE PEOPLE OF THE STATE OF CALIFORNIA EX REL. JOHN L. GREEN *v.* PABLO DE LA GUERRA, JUDGE OF THE FIRST JUDICIAL DISTRICT.

RIGHT OF A PARTY TO HAVE A CAUSE TRIED.—When two actions are pending at the same time, and between the same parties, to recover possession of the same tract of land, and in the absence of the plaintiff one is tried and judgment rendered for the defendant, and the defendant then pleads the judgment as a bar in the other action, the plaintiff is still entitled to have the other action tried.

REFUSAL TO TRY A CAUSE.—An order made by the Court, in a cause, refusing to try the same, is not a judgment from which an appeal will lie.

WRIT OF MANDATE.—A writ of mandate will be issued to compel a Judge to proceed and try a cause, when he refuses to do so.

THIS was an application to the Supreme Court for a writ of mandate.

The facts are stated in the opinion.

*B. S. Brooks,* for Relator.

John L. Green brought his action of ejectment against Jarvis Swift for land in Santa Barbara. Defendant in his answer sets up a former judgment in a suit between the same parties for the same cause of action wherein the defendant had judgment. The issue thus joined, it is undoubtedly the duty of the Court to try and determine and to find the facts in respect thereto, and his conclusions of law (if a finding is requested), and thereupon to render judgment as to him shall appear in accordance with law. We moved that the Court proceed to the trial of this issue then or at some future day, but the Court refused to try it at all. The answer in this case admits the fact that the Court did refuse to try it and admits the reason assigned by us, that is—because he knew the answer was true—"believed it would be a waste of time and a hardship to the defendant to go through the

useless ceremony of another trial of the same cause of action while the said judgment existed therein." That may be a good reason for filing a finding and rendering judgment against the plaintiff, but clearly is no reason for refusing to try the cause. Until he does try it and render final judgment we cannot file our statement and bring before this Court, on appeal, the question whether the alleged judgment is a bar. We merely desire that the Judge be directed to go on to a trial of the cause.

By the Court, CROCKETT, J.:

This is an application by the plaintiff for a peremptory *mandate* to be directed to the Judge of the First Judicial District, in and for the County of Santa Barbara, to compel him to proceed to hear and determine the action of *Green* v. *Swift*, alleged to be pending in that Court. The following facts are disclosed by the petition and answer, viz: That Green commenced an action against Swift, in the usual form, in the District Court for Santa Barbara County, to recover the possession of a parcel of land in that county, in which action issue was regularly joined; that another action of a similar character and to recover the possession of the same land, was commenced by Green against Swift, and was pending at the same time in the District Court of the Fourth Judicial District in and for the City and County of San Francisco; that when the action pending in Santa Barbara County was called for trial an application was made in behalf of the plaintiff to continue the cause for the term, on an affidavit of the attorney of record for the plaintiff, to the effect that he resided at San Francisco, and was so occupied with other professional engagements as to prevent his attendance on the Court at Santa Barbara, the application being made by another attorney, who appeared for that purpose only at the request of the attorney of record; that the application to

continue the cause for the term was denied; but the Court postponed the trial until a later day in the term, for the purpose of affording an opportunity to the plaintiff's attorney to be present at the trial; that on the appointed day the cause was again called for trial, and the plaintiff's attorney being still absent, the attorney who had represented him on the former motion moved to dismiss the action; but the Court denied the motion, except on the condition that the plaintiff paid the costs on or before a subsequent hour of the same day; that the costs were not paid, and the cause was tried before a jury, in the absence of the plaintiff's attorney; and no witnesses or proofs being introduced for the plaintiff, a verdict and judgment were rendered for the defendant; that the judgment erroneously recited that the plaintiff had appeared and introduced evidence at the trial; that the action which was pending in the Fourth District Court was subsequently transferred to Santa Barbara County for trial; that one of the defenses set up in the action as a bar was the former recovery by the defendant in the other action; that, for the purpose of avoiding this bar, the plaintiff filed a supplemental complaint setting forth that the judgment in the former action falsely recited that the plaintiff had appeared and introduced evidence in support of his cause of action; that the plaintiff and his attorney of record were ignorant of these false recitals in the judgment until long after the term had elapsed and until it was too late to correct the same on motion or by a statement on appeal; that the attorney of record was also ignorant that the Court had refused to allow the cause to be dismissed, and supposed it had been dismissed until after it was too late to obtain relief in either of the methods above indicated; that the Court first proceeded to hear and determine the equitable matter set up in the supplemental complaint, and on the trial found as facts that the plaintiff and his attorney of record were ignorant of the false recitals in the judgment, and of the

fact that the cause was not dismissed until more than five months had elapsed from the entry of the judgment, and thereupon the Court made a decree correcting the false recitals in the judgment, but refused any other relief under the supplemental complaint; that the plaintiff then moved the Court to proceed to try the action at law, on the original complaint; the Court denied the motion and refused to proceed further in the trial, alleging that nothing remained to be tried—the decree under the supplemental complaint having disposed of the cause. This is an application to compel him to hear and determine the action at law upon the issues joined under the original complaint. One of those issues was on the bar by the former recovery set up in the answer, and the object of the supplemental complaint was to reform the judgment, so as to make it conform to the facts. To that extent the plaintiff obtained the relief which he desired; and whatever other equitable relief he demanded was denied. The result of these proceedings was to leave the action at law under the original complaint still pending and undetermined. The decree which was entered under the supplemental complaint does not enjoin the plaintiff from proceeding in the action at law, nor purport to determine the ultimate rights of the parties. It simply reforms the judgment, and denies any other equitable relief to the plaintiff, but does not attempt otherwise to interfere with the action at law. It may be that the bar of former recovery set up in the answer will prove to be a valid defense, even under the judgment as modified; but the plaintiff has a right to have the action tried and determined, so as to enable him to take an appeal, if he sees proper, in the event that the judgment is against him. At present there is no judgment in the action at law from which he could appeal. It is therefore ordered that the writ issue as prayed for.