[No. 5036.]
## E. P. FIGG v. SAMUEL HANDLEY.

SIXTEENTH SECTIONS OF PUBLIC LAND.—*Prima facie*, the sixteenth sections of the public lands belong to the State, by virtue of the grant made by Congress, and the person holding the State's certificate of purchase is entitled to recover in ejectment, unless the defendant shows that the land was excepted from the grant.

ESTOPPEL.—One who has a certificate of purchase from the State for a sixteenth section is not estopped from claiming that the State owned the land, as against one who is a mere trespasser, and has no privity with the title of the United States, by the fact that the State had, before issuing the certificate, selected other land in its place, and sold the same, and the purchaser had received therefor a patent from the United States.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover possession of a portion of section sixteen, township four north, range six, Mount Diablo base and meridian. The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*Byers & Elliott*, for the Appellant, argued that the plaintiff had no such title as would enable him to invoke the rule that defendant must be in privity with the title of the United States to enable him to attack the plaintiff's title, and cited *Tyler* v. *Houghton*, 25 Cal. 26; and *Higgins* v. *Houghton*, 25 Cal. 258.

*J. B. Hall*, for the Respondent.

The appellant, by the record, is " a mere naked intruder, without title or color of right." The certificate of purchase issued

by the United States Land Office is not open to attack by a *naked occupant and trespasser.* (Code of Civil Procedure, sec. 1925; *Doll* v. *Meador*, 16 Cal. 324–31; *Rhodes* v. *Craig*, 21 Cal. 419; *Wilcox* v. *Jackson*, 13 Peters, 498, 516.)

By the COURT:

The land in controversy is a portion of a sixteenth section, and the plaintiff's title is founded on certificates of purchase issued by the State in due form. The defense relied upon, as to a portion of the land, is, that prior to the purchase from the State, other lands had been selected by the State in lieu of these, and that the lands so selected have been sold by the State, and a patent has been given to the purchaser by the United States. *Prima facie* the lands included in a sixteenth section belong to the State, with an absolute power of disposition; but under certain conditions, as, for example, if a sixteenth section is included in a confirmed Mexican grant, the State is authorized to select other lands in lieu of those so included in the grant. There was no attempt in this case to overcome the *prima facie* case made by the plaintiff's certificates of purchase, except by proof of the fact that the State has selected other lands in lieu of these, and that a patent has been issued by the United States to her vendee, for the lands so selected. It is claimed that by the sale and selection of the lieu lands, the State is estopped to deny that the selection was rightfully made, and that it is an admission that her title to the sixteenth section had failed on some one of the grounds which authorized the selection of lieu lands. If this were a contest between the State or her grantee and the United States, the estoppel relied upon might possibly be invoked with some effect. But the defendant appears to be a naked trespasser, and has shown no privity with the title of the United States. He has no such relations to the land as entitles him to set up the estoppel.

Judgment and order affirmed. Remittitur forthwith.