[No. 6,714.—Department Two.]

FRANCIS AVERY v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY.

MANDAMUS — INJUNCTION — DEFINITION — APPEAL — FORMER ADJUDICATION — ESTOPPEL.—In an action for mesne profits, after a judgment in ejectment, an order was made staying proceedings pending an action in the United States Circuit Court, by the United States against the plaintiff, to annul the patent upon which his title rested. *Held,* that the judgment in ejectment established plaintiff's title to the land as against defendant, and the right to recover the rents followed, as a legal consequence; and that the order staying proceedings not being an injunction, no appeal lies from it, and therefore mandamus is the proper remedy.

APPLICATION for the writ of mandamus.

*B. S. Brooks,* for Plaintiff.

If the United States should succeed in its suit, that fact would be no bar to Avery's suit, nor would it be legally admissible in evidence.   (Tyler on Ejectment, p. 845.)

*W. H. L. Barnes,* for Defendant.

The defendant in the action pending below moved the Court for a stay of proceedings in the cause, until a certain other action pending in the United States Circuit Court, and which action went to the very foundation of the plaintiff's right to recover, should be determined.

Having heard the motion, as it was bound to do, the Court decided it, and decided against the parties applying for this writ.   Suppose the Court had decided otherwise, and upon the papers presented refused to grant the stay, could it be said that the defendant would have the right to review that decision by means of the writ of mandamus?   And yet, if the writ is available for the plaintiff in the cause, it would have been equally available for the defendant upon a decision adverse to its interests or views.

The order was, in effect, a mere continuance, and so was in the sound discretion of the Court.   (*People* v. *Supreme Court,* 19 Wend. 701.)

*B. S. Brooks*, in reply, for Plaintiff.

The title cannot be tried in the action for mesne profits. It is absolutely necessary that the title should have been tried, and the plaintiff have recovered and been put in possession; and the judgment in the ejectment suit is an absolute bar to any inquiry on that point. (*Carperton* v. *Schmidt*, 26 Cal. 479; *Boston* v. *Haynes*, 33 id. 31; *Hosmer* v. *Wallace*, 51 id. 363.)

MORRISON, C. J.:

This is an application for a writ of mandamus to compel the Court below to proceed with the trial of the case of *Avery* v. *The Black Diamond Coal Mining Company*. It appears from the petition and answer, that on the 10th day of August, 1871, an action was brought by Avery against the Black Diamond Coal Mining Company, for the recovery of a certain tract of land, situate in the County of Contra Costa, described as the north half of section 8, township 1 north, range 1 east, Mount Diablo meridian; and such proceedings were had, that plaintiff obtained a judgment in said action on the 1st day of April, 1873. From that judgment an appeal was taken to the Supreme Court, and on the 16th day of January, 1877, the judgment of the Court below was affirmed. On the 11th day of July, 1877, plaintiff commenced an action to recover damages which he had sustained by reason of the withholding of the possession of the premises by the defendant, and the taking from said land of coal, and for waste committed thereupon. In that action issue was joined, and plaintiff proceeded to take testimony *de bene esse*. On the 10th day of June, 1878, the District Court granted an order requiring plaintiff to show cause why all further proceedings in the action to recover mesne profits should not be stayed until the further order of the Court, or until a certain cause then pending in the Circuit Court of the United States for the Ninth Circuit, District of California, wherein the United States is plaintiff and Francis Avery and one John Mullan are defendants, is tried and decided. (The foregoing is a suit to annul the patent under which Avery derives title, and upon which his recovery was

had in the case brought by him against the Black Diamond Coal Mining Company, referred to above.) On the 16th day of September, 1878, the Court below ordered that all further proceedings in the action brought by Avery against the Black Diamond Coal Mining Company be stayed, until the cause pending in the Circuit Court of the United States be tried and determined, or until the further order of the Court. The said cause has stood upon the calendar of the Court from term to term, and the plaintiff has answered ready when the same has been called, but the Court has refused to try the case, or to allow the plaintiff to proceed therein.

It is claimed, in the suit brought in the Circuit Court of the United States, that the patent under which Avery derives title, and upon which he recovered in the action brought by him against the Black Diamond Coal Mining Company, is void. But we cannot perceive how an adjudication to that effect can affect Avery's right to a recovery in his action for mesne profits. The title to the land was put in issue in the pleadings, and the judgment in the action of ejectment established Avery's title to the land, and the right to recover the rent is a legal consequence of the judgment establishing his title. (*Caperton* v. *Schmidt*, 26 Cal. 476; *Doyle* v. *Franklin*, 40 id. 106; *Byers* v. *Neal*, 43 id. 210.)

The pendency of the suit of the United States against Avery, in the Circuit Court of the United States, constituted no good reason for staying proceedings in the case of Avery against the Black Diamond Coal Mining Company, and the only remaining inquiry is, whether the Court can be compelled by mandamus to proceed with the trial of the cause.

The case of *The People, etc., ex rel. Coberly* v. *Scates*, 3 Scam. 351, presented the following state of facts: By consent of counsel, a criminal case pending in the County of St. Clair, in the State of Illinois, was transferred to the County of Perry, and when the case was called for trial in that county, the State's attorney moved the Court to dismiss it, for the reason that it was not properly in that Court. This motion was allowed, and the Court refused to proceed with the trial of the cause. On appeal to the Supreme Court, it was held that the order of dismissal was improperly entered, and the Court below

was ordered, by peremptory mandamus, to proceed with the trial of the cause. To the same effect is the case of *The People, etc., ex rel. Teale* v. *Pearson,* 1 Scam. 458. In that case, the Court below granted a continuance, on grounds that the Supreme Court held insufficient, and a writ of mandamus was ordered to compel the Circuit Court to proceed with the trial of the cause.

But the case of *Rhodes* v. *Craig,* 21 Cal. 419, appears to us to be directly in point. Field, C. J., delivering the opinion of the Court in that case, says: "It is difficult to perceive upon what ground the order staying the proceeding in this action can rest, except the bare possibility that the officers of the general land office at Washington may come to a different conclusion from that of the authorities of the State, as to the validity of the location of the school warrant upon which the patent to Doll was issued. But even if such a conclusion should be reached, no defense based thereon could be interposed to the present action. * * * The difficulty, however, with the present case is, that no appeal lies from the order of the Court. It is not an injunction against the parties in another action; it is a simple order staying proceedings in the same action. The remedy of the plaintiff is not by appeal, but by an application for a mandamus to compel the Court to proceed."

Writ granted as prayed for.

SHARPSTEIN, J., and THORNTON, J., concurred.