Tlie opinion of tlie Court was delivered by
Bermudez;, C. J.
This is an application for a manclamns to compel the District Jndge to hear, try and determine a certain matter alleged tobe pending before the court over which he presides, and which was assigned to him, and which lie refuses to entertain and decide.
■"-'The Relators aver substantially:
That under the. provisions of Act No-. 15 of 1877, they applied to the Executive for the cancellation of their official bonds, each for $25,000,- *75 as Administrators of the City of New Orleans; that the required publication was given of their application in the form and' during the time prescribed by law; that three oppositions were formed thereto; that, after the expiration of the delay for opposition, the Governor referred the parties to the Civil District Court for the Parish of Orleans; that the matter was allotted to the defendant Judge; that the cause was regularly fixed and posted for trial; that when it was called up for trial, the counsel of one of the opponents objected to its being gone into; that the Judge sustained the objection and ruled that Relators must file in said Court respectively petitions and issue citations directed to those persons who had made oppositions in the office of the Secretary of State, calling upon them anew, to show cause why Relators’ official bonds, respectively, should not be cancelled, and praying for the cancellation ; that said Judge ordered said cause to be continued indefinitely until said pleadings be filed and said proceedings had; that the action of said Judge is illegal and wrongful; that unreasonable delay will occur, working irreparable" injury ; that they have no relief by the ordinary means ; that the slowness of ordinary forms will produce delay amounting to a denial of justice; that justice and reason require that some mode should exist for redressing the wrong complained of. They pray for a mcmda/inm accordingly.
- In the return presented in his name, by the counsel of the objecting opponent, the District Judge pleads :
That mandamus is not the proper remedy; that he objected to going into trial, on the grounds that there was nothing pending before the court, no petition had been filed, nobody cited to answer, no issue formed, and no notice of the pendency of the proceedings in his court had been given to Ms opponents, and that Iris ruling is correct.
The reference made by the Governor, under Ms hand and the seal of the State, is, in as many words, addressed to the District Court for the Parish of Orleans, and is accompanied by an authentic copy of all the proceedings had under the applications for the cancellation of the bonds. It is before ns in the original and bears the endorsements put upon it, to number, docket, and file the same, by the Clerk of the District Court.
. The facts alleged by the Relators and by the Judge, are not controverted.
The questions presented are:
1. Whether, under the showing made, the Relators have sought the proper mode of relief.
2. Whether, if they have, the mandemms asked should issue.
*76 i.
It. is impossible to determine tbe question of form without somewhat trenching upon the second inquiry. To avoid a premature and irregular determination, we will do so hypothetically only.
If it be true that the matter which the District Court was asked to hear, try and determine, was in proper form to be tried and passed upon, and that the Judge refused to try it, without sufficient cause, and continued it indefinitely, thereby causing unnecessary, unreasonable and hurtful delay, there can be no doubt that a mandamus is the proper remedy.
The order in such a case could only be one to set the machinery of the court in'motion, one in the nature of the ancient writ of procedendo ad judicium, without, however, specifying what particular judgment should be rendered, for that would be usurping the functions of the Judge and doing violence to his judicial discretion. High on Ex. R. 147, ct seq.; Moses on Mand. III.; Blackstone III., 109.
It is true, as a general proposition of law, that continuances are within the discretion of the court, and not re viewable by the Appellate Court, but the rule does not apply to cases in which that discretion was'not legally and soundly exercised, and in which the propriety of dn indefinite postponement, susceptible of occasioning great wrong and injury to the litigants, who complain thereof, is raised on an application for a mamdmnus to compel trial on its merits, and it is shown that injustice will be done. 9 Pet. 574; 39 Cal. 411; 6. Fla.-279 ; 28-Mo. 259;' 13 A. 481, 483; 15 A. 113; 2 R. 48.
“ A distinction is recognized between cases where it is sought by mamlamus to control the decision of the inferior court upon the merits of a canse, and cases where it has refused to go into the merits of the action, upon an erroneous construction of some question of law, or of practice, preliminary to the whole case. * * * While the decision of'such court upon the merits of the controversy will not be controlled by mandamus', yet if it has erroneously decided some question of law, or of practice, presented as a preliminary objection, and upon such erroneous' construction has refused to go into the merits of the case, mandanvus will lie to compel it to proceed.” 3 Ad. and E. N. S. 810; 28 Mo. 259; High on Ex. Rem. § 151, vo. Mand.
■ Where, in'statutory proceedings to test the election of an officer, the court quashed them, because the contestant had not given the notice required by the statute, if the court erred in the question of notice, it was held that the writ would lie to compel it to reinstate the case and proceed to a hearing, regardless of whether the party aggrieved had or not another adequate remedy for the grievance sustained. 28 Mo. 259 ; 1 Mich; 359 ; 2 Green. (N. J.) 467.
*77 Mandamus lies to compel inferior courts to proceed with the trial of causes which they have delayed without sufficient reason, the plaintiff in a cause having an absolute right to the determination of his action. 43 Cal. 225.
“ The rule,” says High, on Ex. Remed. p, 190, § 251, “ may now be regarded as well established, that -mandamus lies' in all cases to compel an inferior court to proceed to the trial of a cause and to set it in motion, where it has unreasonably delayed the proceedings, or where its refusal to proceed is a denial of justice.” The object in the writ in this class of cases, is not to compel a particular decision, but merely to set the court in motion, and to require it to exercise its undoubted jurisdiction, and when this is done, its full purpose is accomplished. 4 R. 227; 5 Ohio, 542 ; 21 Cal. 419; 10 Ark. 243; 43 Cal. 225.
II.
Having ruled that, in a proper case of illegal, and wrongful continuance, amounting to a denial of justice, a mandamus is the proper remedy to compel a trial, we are next, under the exceptional complexion of this case, necessarily driven to inquire whether the District Judge should or not have tried and determined the matter presented before him and in the form in which it was offered to b,e done. Either the matter was in proper form, or it was not.
If it was, and a valid reason was shown, the court could have continued it, but it would have been no valid reason to continue it to permit parties to file petitions and issue citations, which are the fundamental and indispensable proceedings usually required in ordinary cases. That would have been, in the same breath, admitting that the case was not and should be, in proper original form. The Judge viewed the matter before him otherwise than as a suit, for he says, he found in the papers no petition, no citation, no issue joined, no notice of trial.
If the matter was not in .the form of a suit, as it is contended it was not, then, there being no action before the court, there was nothing to continue, no corpus upon which to base any ruling of preservation, and the only order that could be made was to dismiss it, as improperly brought before the Court," without any semblance of legal form. .
In either eventuality, the matter, whatever it was, should not have been continued for the motive assigned, as in the mind of the Judge it was not pending before his court.
After reading attentively the Statute of 1877, No. 15, which governs this case, and considering the record before us, we are satisfied that there was a petition, a citation, an issue joined, in the matter presented to the District Judge, and that it was his duty, at the instance of the *78 Kelátors, to have imoceeded to hear, try and determine the questions involved in the controversy.
• The forms in which the differences of parties may have to be presented for judicial determination, fluctuate with the legislative will, as has been often said. The legislature ha» a light to legislate on all subjects and in all manners, except so far as its action may be restricted by the organic law.
In this State, although the rule of practice be, in cases before District Coarts-and Superior Courts, to proceed by petition and personal eitation, there exist many exceptions, in winch the proceeding is not in that form.
The law permits and even directs, that delinquent tax payers shall be cited by advertisement in a newspaper; that parties concerned in the settlement of estates and of insolvencies and in the title of property transferred by judicial agency, be cited in like manner, to oppose the appointment of administrators, the homologation of accounts and tableaux of distribution and of sales under applications for a monition.
In all such cases, the process is predicated upon a petition, but. there are other cases, in which the law provides that the summary proceedings shall be by motion or. rule. Thus the right of office of a Judge can be tested by a rule; a defaulting Tax Collector and bis sureties can be proceeded against by rule; funds proceeding from a judicial sale can be distributed in a concurso by rule j tbe erasure of. mortgage inscriptions can, in some instances, be obtained by rule.
In those instances, no petition, no citation is required, no written answer is necessary to join issue, although it is safer for parties tq defend themselves in writing.
■As' a rule, in the cases referred to, the law makes the clerk of the court the officer who is to receive and file the proceedings, and designates Ms office as the place where they are to be received and kept 5, but there exists no constitutional inhibition, preventing tbe legislature from conferring upon another .officer the power of receiving and preserving proceedings in which matters may eventually have to be submitted for adjudication to a competent judicial tribunal, and from designating another place for tbe reception, registering and deposit of papers in such proceedings; neither is there any prohibition to prevent, tbe legislature from authorizing the institution of actions, otherwise than by petition or rule. Therefore it is, that the'courts have ruled as they have, touching the constitutionality of the proceedings in the forms which we have stated.
All that litigants are entitled to demand, under the constitutional guarantee which secures to them due process of law, is that their differ *79 enees be adjusted by judicial authority, in the manner and form prescribed by law and after hearing, or opportunity given to be heard.
In the instant 'case, we find a proceeding- entirely mi generis, but which presents a demand, a citation, and answers or appearances, by which issues have been formed, susceptible of amendments, when in advancement of the ends of justice and. not forbidden by law.
It is true the case was called and fixed under the rules of the court; that the parties filing oppositions in the office of the Secretary of State, may be viewed as having filed them in the clerk’s office of the court, and thus may be held, perhaps, to have known that their case had been called and fixed; but, we think that' there is left to the District Judge a certain latitude, in such cases, which were not in contemplation, (as iione had probably previously occurred) when the rules for the government of the court were adopted, and that he has the discretion to require a special reasonable fiotice to be served to the parties, before the trial of the controversy can bé gone into.
Had this question of notice been the only one before us in this proceeding, a different question would'have been presented, and a'different ruling might have been made. We deal with the case as it is submitted.
The memorial addressed by tile1 Governor to the District- Court, seis forth all the averments proper and necessary to fully apprise that tribunal of what-it is called upon to determine. It avers that applications were made to the Executive for the cancellation of certain official bonds; that the publication required by law liad been duly given and that ©impositions have been formed to the cancellations and discharges asked. The document is accompanied by a copy of the Record of all the proceedings had in consequence of, and under said applications, in the office of the Secretary of State. The instrument concludes , by referring to the oppositions and- 'submitting the subject-matter of controversy to the court for decision, according'to law. ' We find that it is iu perfect accord with the law, which is an Act of 1877, No. 15, p. 19, and that it was the duty of the Judge of the District Court, to have treated the case as' one. brought in the form prescribed by the statutes, and to have proceeded to the trial thereof, after proper notice, and to have determined the same on its merits, in the mode directed bylaw.
To require a petition, a citation, and á formal joining of issue by-answer, would be to interpolate in the law additional formalities which the statutes does not prescribe.
.. Considering, therefore,, that the matter should not have been continued, until a petition had been filed, a citation had issued, and issue *80 bad been joined, and that it is the duty of the District Judge, .after due notice given of the fixing' of the case, to proceed to hear, try and determine the same in the manner pointed out by law :
It is ordered and decreed, that the application for a mandamus herein he made peremptory, at the cost of the opponent, defendant herein.