[No. 13782.    Department One. — December 30, 1890.]

## J. H. CONKLING, RESPONDENT, v. THE PACIFIC IMPROVEMENT COMPANY, APPELLANT.

RIPARIAN RIGHTS — DIVERSION OF STREAM — RIPARIAN OWNERSHIP — PRE-EMPTION CLAIM — RECEIVER'S RECEIPT — PLEADING — EVIDENCE. — In an action by one riparian owner to enjoin another from diverting water from the stream, where the plaintiff claims the possession of his tract of land as a pre-emptor from the government, for which he holds a receiver's receipt, it is not necessary to allege in his complaint facts showing that the lands were subject to pre-emption, and that he was a qualified pre-emptor, and took the steps necessary to acquire title from the government; but it is sufficient to allege and prove the receiver's receipt, which is *prima facie* evidence that he is rightfully in possession of the tract described therein, and entitled as a riparian owner to protect himself against an unlawful diversion of the waters of the stream.

ID. — ABANDONMENT OF PRE-EMPTION CLAIM — GRANT OF WATER RIGHT — SUBSEQUENT PRE-EMPTION. — An abandonment of a pre-emption claim defeats the right of a person claiming under the pre-emptor as grantee of a right to divert the waters of a stream flowing through the land pre-empted as against a subsequent pre-emptor.

ID. — ABANDONMENT UPON PURCHASE — PRE-EMPTION BY PURCHASER — FRAUD UPON GRANTEE OF WATER RIGHT. — The fact that a subsequent pre-emptor has purchased the claim of a prior pre-emptor, and that the abandonment of the pre-emption claim was induced by the purchase, does not render the subsequent pre-emption entry of the purchaser fraudulent or illegal; nor can the grantee of a water right claiming under the first pre-emptor be considered as defrauded by the subsequent pre-emption of the land by the purchaser from his grantor.

ID. — LIMITED RIGHT OF DIVERSION — APPROPRIATION. — Where the defendant has acquired by appropriation a limited right of diversion, and has lost further claim to appropriation by failure to complete the whole diversion called for by his notice of appropriation within a reasonable time, he cannot increase the amount of his diversion thereafter to correspond with his notice of appropriation, to the prejudice of the rights of a riparian owner.

ID. — INJUNCTION — DIVERSION BY WATER-PIPE — COMPLETION OF PIPE — CONTINUED DIVERSION. — The fact that the unlawful diversion of water had actually taken place before the commencement of a suit to enjoin the diversion, and that a water-pipe of improper size, by which the water was diverted, was completed before the filing of an amended complaint seeking to enjoin the diversion of water thereby, constitutes no objection to an injunction to prevent the continued diversion of the water.

ID. — DAMAGES. — If it appears that the diversion of water from a riparian owner is wrongful, it is not necessary for the plaintiff to prove damages, to entitle him to an injunction.

ID. — ENJOINING EXCESSIVE DIVERSION. — Where the right of the defendant to divert a certain quantity of water by means of a pipe of a certain size is conceded and established, and it appears that defendant has constructed another and larger pipe, which is capable of diverting more water than he is entitled to divert, he cannot be injured by an injunction against the excessive diversion, regardless of whether the smaller pipe would or would not divert all the waters of the stream.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order granting an injunction.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss,* for Appellant.

*W. C. Stratton,* for Respondent.

WORKS, J. — This action was brought by the respondent against the appellant to enjoin the latter from diverting water from a certain natural stream in the county of Santa Barbara. The defendant owned two tracts of land on the stream. Between these two tracts the plaintiff was in possession of a tract of land, claiming the same as a pre-emptor from the government, and for which he held a receiver's receipt.

The court below found for the plaintiff, and enjoined the defendant from diverting and using the water, as prayed for in the complaint. No motion for a new trial was made, but the bill of exceptions was filed within sixty days, and specifications are made and errors of law assigned therein.

Counsel for appellant makes numerous points in his brief, which we will attempt to notice in their order.

The first point made is, that the court below erred in overruling the defendant's demurrer to the amended complaint. The objection made to the complaint is, that it does not show that the plaintiff was, at the time the action was brought, or at the time the water was diverted from the stream, the owner of the land, or that the land

was subject to pre-emption, or that he was a qualified pre-emptor. The allegations of the complaint, so far as it affects this question, are as follows: "That the plaintiff is, and was on the first day of October, 1888, the owner of that certain tract of land situate in the county of Santa Barbara, state of California, to wit, . . . . and he now is, and has been since the month of May, 1887, in the actual possession and occupancy of said land; that in the month of May, 1887, said land was public land of the United States open to settlement, and plaintiff, who was twenty-one years old, and a citizen of the United States, did in said month settle upon said land with the intention of pre-empting the same and acquiring title thereto, and on the nineteenth day of May, 1887, he filed his declaratory statement in the United States land-office of the district in which said land is situated, claiming said land under the pre-emption laws, and on the fourteenth day of September, 1888, he paid for said land, and received from the receiver of the said land-office his receipt for said payment."

These averments are not sufficient to show a compliance with the law relating to pre-emption settlements upon and purchase of government lands. (Rev. Stats., secs. 2259, 2264; *Quinn* v. *Kenyon*, 38 Cal. 501; *Page* v. *Hobbs*, 27 Cal. 486.)

But it is contended by the respondent that no allegation of facts necessary to show that the lands were subject to pre-emption, or that the respondent was a qualified pre-emptor, and took the steps necessary to acquire the title from the government, is necessary in a case of this kind; that it was enough to allege that he was the holder of the receiver's receipt and in possession thereunder. In this contention we must hold with the respondent. This is not a case involving title to the land in which each of the parties is claiming through the government. The appellant makes no claim of title to the land, nor is it shown to be in privity with the para-

mount source of title, or in the position, for any reason, to question the legality of the respondent's holding, except by an affirmative showing against the *prima facie* case made by the receipt. In such a case it is sufficient for the occupant of the land to allege and prove the receiver's receipt, which is *prima facie* evidence, in a case of this kind, that he is rightfully in possession. (Code Civ. Proc., sec. 1925 *Figg* v. *Handley*, 52 Cal. 244; *Conlan* v. *Quinby*, 51 Cal. 413.) And being so in possession as a pre-emptor, and having complied with the requirements of the statute, which is shown, as we have said, by the receiver's receipt, he had become a riparian owner upon the stream, and as such entitled to protect himself against any unlawful diversion of the waters therefrom. (Pomeroy's Riparian Rights, secs. 35, 36.) There are other objections urged to the complaint, but none of them are well taken. The demurrer to the amended complaint was properly overruled.

A demurrer was sustained to the second defense set up in the defendant's answer, and this is claimed to have been an error. It is alleged, in this defense, that one Bush entered upon the lands claimed by the plaintiff in this action, as a pre-emptor, and filed his declaratory statement in the land-office, and that while so in possession of the land, said Bush granted to one Underhill the right to construct and maintain a pipe line over said lands, together with the right to use and divert the waters flowing in said creek; that Underhill conveyed this right to the defendant; that defendant had entered into the occupation of said lands for its said business of water supply; had laid its pipes, at great cost and expense, in such manner as that plaintiff must have had notice of the fact; that plaintiff made his so-called settlement with full notice of defendant's claims, rights, appropriations, and expenditures; that Bush relinquished to the United States his claim as a pre-emptor by filing the declaration to that effect, and the lands thereby reverted to the United States,

subject to the defendant's occupation for the purposes aforesaid, and were not thereafter subject to any further rights of pre-emption. It is further alleged that the plaintiff entered upon the lands, not in good faith, as a pre-emptor, but for the purpose of obtaining a technical advantage of defendant, and thereby compelling it to buy his claim, and secretly, and without notice to the defendant, procured the officers of the land department to issue to him a receipt for payment for said lands; that no patent had issued to the plaintiff, and the defendant had protested against the issuance of any such patent, and that the expenditures made by the plaintiff in improving the land were made in bad faith. We are unable to see anything in this pleading which can amount to a defense to the plaintiff's cause of action. It is earnestly contended by the counsel for appellant that the plaintiff obtained no rights in the water flowing through the land by entering upon the land, making payment therefor, and procuring the receiver's receipt, and yet, in support of this answer, he contends that Bush obtained such a right by merely entering upon the land and filing his declaratory statement, without making payment or receiving a receipt; that by his deed his right passed to Underhill, and from Underhill to the defendant; and that the abandonment of his right of pre-emption by Bush not only did not defeat the defendant's right to divert the water obtained through him, but actually confirmed it, and shut off all other persons from entering upon and acquiring title to the land. The statement of such a proposition is sufficient to refute it. Bush had no right in the water to convey. But if he had, it was lost by his subsequent abandonment of his claim, and the right, in the hands of the defendant, was no better than if it had remained in Bush. The allegations tending to show that the entry of the plaintiff was made to defraud and take advantage of the defendant add nothing to the pleading. The defendant had no

rights in the land, or the water as appurtenant to the land, and could not therefore be defrauded by the plaintiff's entry. There was no error in sustaining the demurrer to this defense.

There was no error in refusing to strike out the amended complaint on the defendant's motion.

The appellant contends that the court below erred in certain rulings upon the evidence. The ground of this contention seems to be that the entry of the respondent upon the land as a pre-emptioner was fraudulent and invalid, because it appeared that he had bought the claim of Bush to pre-empt the land, and Bush had abandoned his claim, and the plaintiff had thereupon entered thereon. But the answer to this is, that the plaintiff is not claiming under the entry of Bush, but under his own entry, after that of Bush had been abandoned. The fact that Bush had been induced to abandon his claim by the payment of money did not prevent the plaintiff from entering upon and acquiring title to the land. Bush having abandoned his claim in the manner provided by law, the land was open to entry by the plaintiff or any one else, and the entry was not fraudulent or illegal because of Bush's prior entry and abandonment of his claim.

The same contention is made the ground of objection to the introduction of the receiver's receipt, and for the same reasons the objection was properly overruled.

It is insisted by the appellant that the findings of the court do not support the judgment, and are not sustained by the evidence. Both of the parties to this action were riparian owners on the stream the waters of which are in controversy, and each also claimed to be prior appropriators of such waters, or a part of them. The court below found that the plaintiff was the owner of the land claimed by him; that the same was public land; that he settled upon the same as a pre-emptor, filed his declaratory statement as such, made proof and payment on

September 14, 1886, obtained a receiver's duplicate receipt, has ever since occupied and cultivated the lands, and made improvements thereon to the value of fifteen thousand dollars; that the land lies on both sides of the natural stream known as the Loma Abaja Creek, and at the time the plaintiff obtained his receipt the defendant had appropriated and was diverting a portion of the waters of said creek by means of a one and one half inch pipe, which was not of sufficient capacity to divert all of the waters of the creek, and a part thereof ran down to plaintiff's land; that when plaintiff settled upon the land he commenced to use the waters of the creek for domestic and other purposes, and on the fifth day of August, 1867, he appropriated a portion of the waters of the creek and diverted the same by means of a two and one half inch pipe, and used the same for irrigation and other purposes, and has so used the same continuously since that time; that the defendant intends to divert all of the waters of said creek from its natural channel by means of a six-inch pipe at a point thereon above plaintiff's land to a point below the same, and deprive the plaintiff of the use thereof, and that such diversion would render plaintiff's land, and the improvements thereon, of little or no value, and will be of great and irreparable damage to him, and that neither the defendant nor its grantors or predecessors have ever occupied any part of the lands claimed by the plaintiff for any purpose.

As to the defendant's right to divert and use the water of the stream, the court found as follows:—

"That on the thirteenth day of August, 1887, A. S. Cooper posted a written notice at a point on said creek above plaintiff's land, claiming the water flowing in said creek to the extent of fifteen inches, measured under a four-inch pressure, which notice was, within ten days duly recorded in the office of the recorder of the county of Santa Barbara; that after the posting and recording of said notice, said Cooper conveyed all of his rights and

interests in the waters of said creek to defendant. But said Cooper did not actually divert or use said water for any purpose, and his appropriation was made for the purpose of speculation only, and he did not within sixty days after the posting of his notice commence the excavation or construction of any works in which he intended to divert the water; the defendant, after Cooper's sale to it, which was more than sixty days after he posted his notice, did commence the excavation and construction of works in which he intended to divert the water; that the plaintiff did not post any notice of his intention to appropriate any of the waters of said creek, but he had actually appropriated and diverted the water as set forth in the third finding, and was using it for domestic purposes and irrigation at and before the time when said Cooper posted his appropriation notice.

" That on the thirteenth day of March, 1885, Alexander B. Todd posted a written notice at a point on said creek above plaintiff's land, claiming the water flowing in said creek to the extent of twelve inches measured under a four-inch pressure, which notice was duly recorded; and he stated in said notice that he intended to divert said water by means of one ten and one half inch iron pipe, and a one and one half inch iron pipe, and said Todd did divert water from said creek through a one and one half inch iron pipe, which pipe is the one mentioned in the second finding; that the defendant is the successor in interest of said Todd, but no actual appropriation or diversion of any water has been made under the said Todd notice except as to the said one and one half inch pipe, and no steps have been taken to divert any water under said notice, other than as to said pipe, and neither said Todd nor his successors in interest began or prosecuted with diligence the excavation or construction of the works in which it was intended to divert any water from said creek under said notice, except as to said one and one half inch pipe; and the plaintiff had actually

appropriated, diverted, and used the waters of the Loma Abaja Creek, as set forth in the third finding, before the defendant, or its grantors or predecessors in interest, had commenced the excavation or construction of any works in which it was intended to divert any water from said creek, other than through said one and one half inch pipe.

" That the defendant is the owner of sections 5 and 6, township 4 north, range 27 west, San Bernardino meridian, but the said land is below the land of plaintiff's land, and said Loma Abaja Creek flows through plaintiff's land before reaching the said land of defendant."

As a conclusion of law from these findings the court found: "That the plaintiff is entitled to have the said creek flow in its natural channel down to his said land, less the portion thereof diverted by means of a one and one half inch iron pipe, and that he is entitled to the relief prayed for in his complaint, and it is ordered that judgment be entered accordingly."

The court thereupon entered judgment enjoining the defendant from diverting any of the waters of the stream except that which might be diverted by means of the one and one half inch pipe.

These findings were clearly sufficient to sustain the judgment, and after a careful examination of the record, we are satisfied that the findings are supported by the evidence.

It is earnestly contended by the counsel for the appellant that the evidence fails to show that at the time the *amended* complaint was filed the defendant was threatening to divert the waters of the stream, but that, on the contrary, the diversion by the six-inch pipe was complete, and for that reason injunction could not properly issue. But conceding that the six-inch pipe had been put in and the diversion of the water had taken place at the time that the amended complaint was filed, or at the time the action was commenced, which was the ma-

terial question, and conceding that the diversion had actually taken place, the act of carrying the water away from its natural channel, if wrongful, was a continuous act, against which an injunction might issue. (*Moore* v. *Clear Lake Water Works*, 68 Cal. 146.) The continued diversion of the water was the material thing to be enjoined, and not the putting in of the pipe.

It is further insisted that the evidence fails to show that the plaintiff had been or would be damaged by the diversion of the water. We think otherwise; but if it appeared that the diversion was wrongful, it was not necessary for the plaintiff to prove damages, to entitle him to an injunction. (*Moore* v. *Clear Lake Water Works*, 68 Cal. 150.)

Again, it is claimed that the plaintiff conceded the defendant's prior right to divert the waters of the stream to the capacity of its one and one half inch pipe, but averred that such pipe was not sufficient to divert all of the waters of the stream; that this averment was denied and was not supported by the evidence. We think the evidence does show that the one and one half inch pipe would not carry all of the waters of the stream. If it would, it was at least a little remarkable that the defendant should go to the expense of putting in another and much larger pipe to divert water that was not there; and besides, this claim is hardly consistent with the contention, above noticed, that the defendant was at the time the amended complaint was filed actually carrying off water with this six-inch pipe. But this, it seems to us, is not very material. The defendant was not enjoined from diverting the water to the full capacity of the one and one half inch pipe. If this left no other water to divert, the defendant was not injured by the injunction, and has no reason to complain, except it might be as to the costs.

It is contended further that the laches and acquiescence of the plaintiff in allowing the defendant to pro-

ceed with its improvements was sufficient to defeat his right to an injunction. But we see nothing in the evidence to support this position.

It is further insisted that the rights of the appellant could not be *forfeited* by a proceeding of this kind. But this is not an attempt to forfeit any right the appellant had, but to show that it never had any rights.

There are other objections to the findings, that need not be particularly noticed.

There is no error in the record.

Judgment affirmed.

DE HAVEN, J., and PATERSON, J., concurred.

Hearing in Bank denied.