No. 1,761.

HENRY BEGUHL, PETITIONER, *v.* THOMAS M. SWAN (County Judge of Solano County), RESPONDENT.

MANDAMUS.—ERROR OF COURT BELOW NOT SUBJECT TO REVIEW.—When the Court below has entertained jurisdiction of an action, its proceedings, however erroneous, cannot be reviewed on an application for a mandamus.

IDEM. — But when the Court has refused to act in the case, the question whether it rightfully so refused may be entertained.

APPLICATION to the Supreme Court for a writ of mandamus to the County Judge of Solano County, to compel him to try a cause.

The other facts are stated in the opinion.

*William S. Wells,* for Petitioner.

*Joseph McKenna,* for Respondent.

RHODES, C. J., delivered the opinion of the Court, TEMPLE, J., and CROCKETT, J., concurring:

While the cause of *Beguhl* v. *Eastman* was pending in the County Court, the defendant filed an amended answer, by which it was attempted to be shown, that the title and possession of certain real estate was involved in the action, and, thereupon, the cause was transferred to the District Court. The District Court ordered the cause to be re-transferred to the County Court, and the cause having been re-transferred, the County Court, on motion of the defendant, ordered it to be stricken from the calendar. The Court did not dismiss or otherwise dispose of the action, but refused to entertain jurisdiction of it. Had the Court entertained jurisdiction of the action, its proceedings, however erroneous they may have been, could not have been reviewed in proceedings for a mandamus. (*People* v. *Pratt*, 28 Cal. 166; *Cariaga* v. *Dryden*, 29 Cal. 307.) But the Court, as we read the order, refused to act in the case, and the question whether it rightfully so refused, may be entertained in this proceeding.

The only ground upon which the Court refused to entertain jurisdiction of the action, was because, as it was claimed,

the jurisdiction, upon the filing of the amended answer, pertained to the District Court. The answer does not show that the determination of the action will necessarily involve the question of title, or possession of real property. It is therein alleged that the defendant was in possession of a certain tract of the public land of the United States; that he duly filed his declaratory statement, in order to pre-empt the land, and that he produced and harvested upon such land the grain, which is the subject of controversy in the action. All those facts may be true, but, at the same time, may not impair or affect the plaintiff's title or claim to the grain. The plaintiff may admit the facts set up in the answer, and still show title to the grain.

Peremptory mandamus ordered.

By WALLACE, J.: I concur in the judgment.

By SPRAGUE, J.: I dissent.